### UNITED GAS PUBLIC SERVICE CO. v. STATE et al.

### No. 8083.

Court of Civil Appeals of Texas. Austin.

Oct. 30, 1935.

Rehearing Denied Jan. 8, 1936.

Baker, Botts, Andrews & Wharton and Tom Scurry, all of Houston, and Ben H. Powell, of Austin, for appellant.

Wm. McCraw, Atty. Gen., Scott Gaines and Alfred M. Scott, Asst. Attys. Gen., and Hicks, Dickson, & Lange and Edward H. Lange, all of Laredo, for appellees.

BLAIR, Justice.

This is an appeal from an order overruling a plea of privilege of appellant, United Gas Public Service Company, to be sued in Harris county, its corporate domicile and residence. We have this day reformed and affirmed the judgment of the trial court in this case on its merits, United Gas Public Service Company v. State of Texas et al., 89 S.W.(2d) 1095; and in which we reviewed at length the various suits and proceedings in both the federal and state courts and held that the nature of this cause as finally made by the pleadings and proceedings was as follows: "Under the pleadings and proceedings, the suit filed by appellees in the district court of Travis county was merely one to bring appellant within the jurisdiction of the state court as provided for by section 266 of the Judicial Code of the United States (28 U.S.C.A. § 380), in order to determine the validity of the 55-cent rate; and the amended answer of appellant therein, seeking to enjoin the enforcement of the 55-cent rate, was in effect an appeal by it under article 6059, to determine whether the rate order was unjust and unreasonable as to appellant, and to determine the additional question of whether the enforcement of the rate would result in confiscation of appellant's prop-

erty used in the public service, rendering the rate order unconstitutional."

Since the suit of the appellees was one authorized by the provisions of U.S.C.A. title 28, § 380 (Judicial Code § 266), and its purpose was to determine the validity of the gas rate order in question and to enforce it, and since appellant's answer was in the nature of an appeal from the rate order, attacking it as being confiscatory and unjust and unreasonable because the rate fixed would not afford a reasonable return on appellant's property used in the public service, we conclude that, as to the suit to have the rate declared unjust and unreasonable, article 6059, R.S. 1925, confers exclusive venue and jurisdiction in the district court of Travis county, Tex. Nor does the fact that appellant alleged that the rate was confiscatory confer venue or jurisdiction elsewhere than in Travis county, because article 6059 contemplates that any suit attacking the rate order upon any ground shall be brought, in so far as relates to the state court's jurisdiction or venue, in the district court of Travis county, Tex. And whether the appellant styled its suit in the federal court and its answer in the state court as one for an injunction to restrain an illegal rate, it was in the nature of an action to have the rate declared invalid and unenforceable, because the rate was confiscatory and unjust and unreasonable, and article 6059 confers exclusive venue and jurisdiction to determine such matter in the district court of Travis county, Tex. The order overruling the plea of privilege will be affirmed.

Affirmed.

On Motion for Rehearing and to Certify.

On motions for rehearing and to certify, appellant contends that we erred in holding that it had waived its plea of privilege by later filing an answer setting up matters triable in Travis county, and that in so holding this court is in con-

flict with several cases cited. We did not hold that appellant waived its plea of privilege by filing an amended answer, which was filed subject to the action of the court on the plea of privilege. We held that the suit of appellant in the federal court and its answers both before and after amendment showed that the relief sought thereby was to determine a matter over which article 6059 conferred exclusive venue and jurisdiction in the district court of Travis county, Tex.

Nor do the cases cited deal with the character of litigation here involved. Appellant's suit in the federal court was one to declare the rate order confiscatory upon the sole ground that the rate fixed would not afford a reasonable return on the fair value of its property used in the public service, and that the rate order was therefore unjust and unreasonable. The same ground was alleged in the state court by appellant as rendering the rate order unjust and unreasonable. The state's suit was to determine whether the rate order was legal and just and reasonable, not because the state or commission thought it so, but in order that such issues be first tried in the state courts. The state's suit was therefore one authorized by the provisions of U.S.C.A. title 28, § 380, section 266 of the Judicial Code of the United States. Any court of competent jurisdiction could try such suit, and article 6059 confers exclusive venue and jurisdiction in the district court of Travis county, Tex., to determine the reasonableness or justness of a gas rate; and a rate order which is alleged to be confiscatory, as the one in suit was alleged to be by appellant both in the federal and state court, is necessarily unjust and unreasonable, and only the district court of Travis county, Tex., has venue and jurisdiction to determine these matters, under the provisions of article 6059.

Both motions will be overruled.

Overruled.